THE HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

RAINER METZGER, *et al.*,

    Plaintiffs,

v.

HARBORVIEW MEDICAL CENTER, *et al.*,

    Defendants.

No. C17-1391RSL

**ORDER REGARDING HARBORVIEW'S MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on "Harborview Medical Center's Motion for Protective Order." Dkt. # 15.[1] When providing mental health services, Harborview is required to keep patient records, including the fact of admission and all information and records compiled in the course of providing mental health services, confidential. RCW 70.02.230(1). The information may, however, be disclosed "[p]ursuant to lawful order of a court." RCW 70.02.230(2)(o). Harborview seeks a blanket protective order that would effectively excuse it from responding to any allegations of the complaint

---

[1] This matter can be decided on the papers submitted. Harborview's request for oral argument is DENIED.

and/or discovery requests that would reveal information regarding a non-party, M.D. M.D. is alleged to have sexually assaulted plaintiff's ward while they were both patients in Harborview's psychiatric unit.

Harborview's request is unwarranted in the circumstances presented here. The alleged perpetrator has been charged with Indecent Liberties in state court: his full name, date of birth, mental health condition, and relevant symptoms are part of the public record in the criminal case. Plaintiffs have and are entitled to use this information.[2] Additional information will be needed as plaintiffs pursue the claims asserted in this litigation, however. Key issues will be what Harborview knew about M.D.'s propensity for sexual aggression and what environmental, therapeutic, and medical efforts Harborview took to restrain him and/or to protect those around him. Although steps will be taken to protect M.D.'s confidential mental health information,[3] the Court finds that his interests can be adequately protected without imposing the discovery bar Harborview seeks.

(1) Harborview shall, within fourteen days of the date of this Order, file under seal an amended answer that fully responds to the allegations of plaintiffs' complaint.

---

[2] In one of the cases on which Harborview relies, the court found that the Illinois version of RCW 70.02.230 "will not apply if Jane Doe's name, address or telephone number are discovered through inadvertence or from some source other than her hospital records." Giangiulio v. Ingals Memorial Hosp., 850 N.E.2d 249, 263 (Ill. App. 2006).

[3] Harborview argues that subsection (2)(o), which authorizes disclosures pursuant to a lawful court order, applies only if the Court is ordering a disclosure that is already permitted under the statute. This extraordinary position is not supported by the structure of RCW 70.02.230, case law, or policy considerations.

ORDER REGARDING HARBORVIEW'S
MOTION FOR PROTECTIVE ORDER

A redacted version of the answer shall be filed for public viewing. Information that is already part of the record in this or the related criminal proceeding should not be redacted.

Both parties shall refer to M.D. and K.F. by their initials in future filings.

Without prejudice to future discovery motions related to relevance, undue burden, privileges, etc., Harborview shall respond to discovery requests related to M.D. and his care. Records related to or disclosing patients other than M.D. and K.F. shall be redacted of all identifying information.

Plaintiffs shall maintain any and all non-public information produced by Harborview regarding M.D. in a secure location and in strict confidence. The records and the information regarding M.D. shall be used solely for purposes of this litigation. All future filings that refer to non-public information regarding M.D. shall be filed under seal, with a redacted version filed for public viewing.

This order is entered by the authority granted in RCW 70.02.230(2)(o) and authorizes Harborview's disclosure of the mental health records discussed herein.

Dated this 7th day of November, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge